1  Michelle R Burrows Bar No. 86160
   Sara K. Staggs, Bar No. 06482
2  Attorneys At Law
   618 NW Glisan Suite 203
3  Portland, OR 97309
   503-241-1955
4  503-241-3127
   mrburrows@qwestoffice.net
5         Attorneys for Plaintiffs

6

7                    IN THE UNITED STATE DISTRICT COURT

8                     FOR THE DISTRICT OF OREGON
                              Portland
9  DIEGO MATA-GONZALEZ,          )  Case No.  CV '11 - 260    PK
   LILIA LOPEZ-GUZMAN,           )
10 VLADIMIR MATA-LOPEZ,          )
   JOHNNY MATA-LOPEZ,            )  COMPLAINT
11                               )  Civil Rights Violations;
                                 )  4th/14th Amendment;
12        Plaintiffs,            )  Arrest without Probable Cause;
        vs.                      )  Malicious Prosecution;
13                               )  Illegal Search and Seizure;
   OFFICER MIGUEL MONICO, OFFICER)  Due Process Violations;
14 JANSEN, OFFICER DUSTIN DeHAVEN,) Assault; Battery;
   OFFICER BRUCE SCHMID, SERGEANT)  Intentional Infliction of Emotional Distress
15 BRIAN SCHMID, SERGEANT        )
   NOFFSINGER, OFFICER R. VENABLE,)  42 U.S.C. § 1983
16 CITY OF CORNELIUS, by and through the )
   Cornelius Police Department, JOHN DOES)  Jury Trial Demanded
17 #1-10, Cornelius Police Department )
   employees, WASHINGTON COUNTY, a )
18 political subdivision of the State of Oregon, by )
   and through the Washington County )
19 Department of Human Services and the )
   Washington County Sheriff's Office, LAURIE )
20 WUTHRICH, HEATHER KITTO, JOHN )
   DOES #11-20, Oregon Department of Human )
21 Services employees, DEPUTY J. HERMANN, )
   DEPUTY C. BOWMAN, JOHN DOES #21- )
22 30, Washington County Sheriff's Office )
   employees,                   )
23                               )
           Defendants.           )
24

25 ─────────────────────────

26
                                        Michelle R Burrows
   #39041                               Attorney at Law
                                        618 NW Glisan Suite 203
                                        Portland OR, 97209
                                        503/241-1955
1 COMPLAINT

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiffs, by and through their attorney, Michelle Burrows, Attorney at Law, bring their Complaint herein and state and allege as follows:

**<u>INTRODUCTORY STATEMENT</u>**

1.

This action is filed by Plaintiffs under 42 U.S.C. § 1983, and ORS 30.265, for events occurring on or about February 2010 through May 2010, alleging arrest without probable cause, malicious prosecution, illegal search and seizure, substantive due process violations, assault, battery, and intentional infliction of emotional distress, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

2.

This court has jurisdiction over Plaintiffs' claims of violations of federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiffs' claims for relief arose in this district.

4.

The court has jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

2  COMPLAINT

## **PARTIES**

5.

At all material times Plaintiff Diego Mata-Gonzalez ("Plaintiff Diego") was a resident of the City of Cornelius, Washington County, Oregon.

6.

At all material times, Plaintiff Lilia Lopez-Guzman ("Plaintiff Lilia") was a resident of the City of Cornelius, Washington County, Oregon.

7.

At all material times, Plaintiff Vladimir Mata-Lopez ("Plaintiff Vladimir") was a resident of the City of Cornelius, Washington County, Oregon.  At the time of the events at issue, Plaintiff Vladimir was 13-years-old.

8.

At all material times, Plaintiff Johnny Mata-Lopez ("Plaintiff Johnny") was a resident of the City of Cornelius, Washington County, Oregon.  At the time of the events at issue, Plaintiff Johnny was 9-years-old.

9.

At all material times, Officer Miguel Monico ("Defendant Monico") was a law enforcement officer for the Cornelius Police Department, an entity of the City of Cornelius, and was working under the color of law.  Defendant Monico was the officer in charge of the alleged attempted murder case against Diego Mata-Lopez, Jr., and was involved in the search of Plaintiffs' residence and the arrest and false charges of Plaintiff Diego.  Defendant Monico is sued in his individual capacity.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

3  COMPLAINT

10.

At all material times, Officer Jansen ("Defendant Jansen") was a law enforcement officer for City of Cornelius Police Department, an entity of the City of Cornelius, and was working under the color of law. Defendant Jansen was the officer who procured the search warrant for the search of Plaintiffs' residence on February 4. Defendant Jansen involved in the search of Plaintiffs' residence and in the false charges against Plaintiff Diego. Defendant Jansen is sued in his individual capacity.

11.

At all material times Officer DeHaven ("Defendant DeHaven") was a law enforcement officer for the City of Cornelius Police Department, an entity of the City of Cornelius, and was working under the color of law. Defendant DeHaven was involved in the search of Plaintiffs' residence, and was involved in the arrest of and false charges against Plaintiff Diego. Defendant DeHaven is sued in his individual capacity.

12.

At all material times, Sergeant Brian Schmid ("Defendant Brian") was a law enforcement officer for the City of Cornelius Police Department, an entity of the City of Cornelius, and was working under the color of law. Defendant Brian was involved in the search of Plaintiffs' residence and in the arrest of and false charges against Plaintiff Diego. Defendant Brian is sued in his individual capacity.

13.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

4  COMPLAINT

At all material times, Sergeant Noffsinger ("Defendant Noffsinger") was a law enforcement officer for the City of Cornelius Police Department, an entity of the City of Cornelius, and was working under the color of law. Defendant Noffsinger was involved in the search of Plaintiffs' residence, and involved in the false charges against Plaintiff Diego. Defendant Noffsinger is sued in his individual capacity.

14.

At all material times, Officer Bruce Schmid ("Defendant Bruce") was a law enforcement officer for the City of Cornelius Police Department, an entity of the City of Cornelius, and was working under the color of law. Defendant Bruce was involved in the search of Plaintiffs' residence, and in the arrest of and false charges against Plaintiff Diego. Defendant Bruce is sued in his individual capacity.

15.

At all material times, Officer R. Venable ("Defendant Venable") was a law enforcement officer for the City of Cornelius Police Department, an entity of the City of Cornelius, and was working under the color of law. Defendant Venable was involved in the search of Plaintiffs' residence, and was involved in the arrest of and false charges against Plaintiff Diego. Defendant Venable is sued in his individual capacity.

16.

At all material times, John Does #1-10 ("Defendant John Does #1-10") were employees of the City of Cornelius Police Department. At all material times, Defendant John Does #1-10 were working under the color of law. Defendant John Does #1-10 were involved in the search of Plaintiffs' residence, and in the arrest of and false charges against Plaintiff Diego. Defendant

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

5  COMPLAINT

John Does #1-10 are sued in their individual capacities, and will be individually named when discovery reveals their identity.

17.

At all material times, Laurie Wuthrich ("Defendant Wuthrich") was an employee of the Department of Human Services for the State of Oregon. At all material times, Defendant Wuthrich was working under the color of law. Defendant Wuthrich was involved in the seizure of Plaintiff Vladimir and Plaintiff Johnny from their home in February 2010, and was involved in keeping the children away from their parents from February 2010 through May 2010 without probable cause. Defendant Wuthrich is sued in her individual capacity

18.

At all material times, Heather Kitto ("Defendant Kitto") was an employee of the Department of Human Services for the State of Oregon. At all material times, Defendant Kitto was working under the color of law. Defendant Kitto was involved in the seizure of Plaintiff Vladimir and Plaintiff Johnny from their home in February 2010, and was involved in keeping the children away from their parents from February 2010 through May 2010 without probable cause. Defendant Kitto is sued in her individual capacity.

19.

At all material times, John Does #11-20 ("Defendant John Does #11-20") were employees of the Department of Human Services for the State of Oregon. At all material times, Defendant John Does #11-20 were working under the color of law. Defendant John Does #11-20 were involved in the seizure of Plaintiff Vladimir and Plaintiff Johnny from their home in February 2010, and were involved in keeping the children away from their parents from

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

6  COMPLAINT

February 2010 through May 2010 without probable cause.  Defendant John Does #11-20 are sued in their individual capacities, and will be individually named when discovery reveals their identity.

20.

At all material times, Deputy J. Hermann ("Defendant Hermann") was a law enforcement officer for the Washington County Sheriff's Department, and was working under the color of law.  Defendant Hermann was involved in the arrest of and false charges against Plaintiff Diego. Defendant Hermann is sued in his individual capacity.

21.

At all material times, Deputy C. Bowman ("Defendant Bowman") was a law enforcement officer for the Washington County Sheriff's Department, and was working under the color of law.  Defendant Bowman was involved in the arrest of and false charges against Plaintiff Diego. Defendant Bowman is sued in his individual capacity.

22.

At all material times, John Does #21-30 ("Defendant John Does #21-30") were employees at the Washington County Sheriff's Department, and were working under the color of law.  Defendant John Does #21-30 were involved in the arrest of and false charges against Plaintiff Diego.  Defendants John Does #21-30 are sued in their individual capacities, and will be individually named when discovery reveals their identity.

23.

At all material times the City of Cornelius ("Defendant City of Cornelius") was a political subdivision of the State of Oregon.  As a local governmental entity, Defendant City of

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

7  COMPLAINT

Cornelius is a suable person under 42 U.S.C. § 1983. At all times relevant to this Complaint, Defendant City of Cornelius employed Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Venable, Defendant Brian, Defendant Noffsinger, and Defendant John Does #1-10. At all times relevant to this Complaint, Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Brian, Defendant Bruce, Defendant Venable, Defendant Noffsinger, and Defendant John Does #1-10, were acting pursuant to Defendant City of Cornelius' laws, customs, and/or policies. As the employer of Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Venable, Defendant Brian, Defendant Noffsinger, and Defendant John Does #1-10, Defendant City of Cornelius is vicariously liable for all of the tortuous and unconstitutional acts and omissions of the defendants committed within the course and scope of their employment, pursuant to ORS 30.265.

24.

At all material times, Washington County ("Defendant Washington County") was a political subdivision of the State of Oregon. As a local government entity, Defendant Washington County is a suable person under 42 U.S.C. § 1983. At all times relevant to this Complaint, Defendant Washington County employed Defendant Hermann, Defendant Bowman, and Defendant John Does #21-30. At all times relevant to this Complaint, Defendant Hermann, Defendant Bowman, and Defendant John Does #21-30, were acting pursuant to Defendant Washington County's laws, customs, and/or policies. As the employer of Defendant Hermann, Defendant Bowman, and Defendant John Does #21-30, Defendant Washington County is vicariously liable for all of the tortuous and unconstitutional acts and omissions of the defendants committed within the course and scope of their employment, pursuant to ORS 30.265.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

8 COMPLAINT

25.

All Defendants acted under color of state or local law at all times relevant to this Complaint.

26.

Plaintiff is entitled to an award of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

**FACTUAL ALLEGATIONS**

27.

On or about February 4, 2010, Defendant Jansen of the Cornelius Police Department obtained a search warrant from Judge Bailey, authorizing the search of Plaintiffs' residence at 973 S. 3rd Court, Cornelius, Oregon, and several vehicles connected with the residence. The warrant authorized the seizure of "weapons, including any and all firearms, ammunition, hostlers, gun cases, cleaning kits, gun parts including triggers, grips and flash suppressers, bill of sales, receipt, applications to purchase firearms and ammunition magazines, ammunition, items of identification, including but not limited to resident alien registration cards, driver's licenses, and the like; and any persons located on the property or curtilage of the residence." The probable cause supporting the search warrant was based on the suspicion that Plaintiff Diego's son, Diego Mata-Lopez, Jr., who lived with Plaintiffs, had allegedly been involved in an attempted gang-related homicide. This position is supported by the Cornelius Police Department narrative which states that the search warrant was obtained by Officer Jansen "pursuant to an attempted homicide shooting investigation number CNP10-23014." None of the Plaintiffs were

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

9 COMPLAINT

the targets or subjects of either the criminal investigation or the warrant.  Ex. 1, Search Warrant

and Affidavit of Officer Jansen, dated February 4, 2010.

28.

Defendant Monico and Defendant DeHaven started the search at approximately 2 p.m.

on February 4, 2010.  At approximately 2:50 p.m., Plaintiff Diego, Plaintiff Lilia, and Plaintiff

Vladimir, arrived in one of the vehicles named in the search warrant.  Defendant Monico read the

search warrant to them.  Defendant DeHaven began to interrogate Plaintiff Vladimir, who was at

that time 13-years-old, about the recent drive-by shooting.  Defendant DeHaven finally stopped

the interrogation, after Plaintiff Diego and Plaintiff Lilia told Plaintiff Vladimir to stop talking to

Defendant DeHaven.  The Plaintiffs left.

29.

The officers seized nine objects in their search of Plaintiffs' residence.  They are

enumerated in the police report: (1) Red and black paper with gang writing seized by Officer

Noffsinger; (2) A clear plastic baggie containing white powder substance that allegedly field-

tested positive for cocaine seized by Officer Monico; (3) A small clear plastic bindle of

suspected marijuana weighing approximately 0.3 grams seized by Officer Monico; (4) A gray

Rebok sweatshirt with blood on both sleeve ends found by Officer DeHaven; (5) One unspent

brass colored 9mm full metal jacket bullet with an indented primer, found inside the exterior

grass clippings recycle bin by Officer DeHaven; (6) One notebook containing alleged gang

writing in the living room stereo speaker by Officer Bruce Schmid; (7) 3 Mexican passports and

identification cards located inside a wood cabinet in the garage by Officer R. Venable; (8)

Resident alien cards located in a brown wallet by Sergeant Brian Schmid; (9) Notebook –

Michelle R Burrows<br>Attorney at Law<br>618 NW Glisan Suite 203<br>Portland OR, 97209<br>503/241-1955

Financial ledger found in master bedroom with possible narcotic-illegal financial activity with

gang and child writing found by Officer Monico.  Only three of these objects were authorized by

the warrant: the brass colored 9mm full metal jacket bullet, the Mexican passports and

identification cards, and resident alien cards.  The other six items seized fell blatantly outside the

scope of the warrant.

30.

After the search was completed and the officers had left the residence, Defendant

DeHaven and Defendant Monico returned to Plaintiffs' residence, under the pretense of having

left a notebook at the residence.  They found Plaintiff Diego at home and read him his *Miranda*

rights.  Then they began asking him questions about drugs they claim they found in the home.

Plaintiff Diego was intimidated by the men and did not feel free to leave. According to the police

report, Plaintiff Diego admitted that the powdered substance found was cocaine, that it was his,

and that it was old.  This was a lie.  Diego speaks almost no English.  In fact, Plaintiff Diego

tried to explain to the officers that the substance they had seized was egg shells used for his son's

science project.  Plaintiff Diego showed the officers an identical bag with the label on it and the

store in which it was bought.  Officer DeHaven subsequently "found" the notebook in his pocket.

This interchange constitutes an arrest that was pre-textual and without probable cause.

31.

On February 22, 2010, the police report mentioned in paragraph 29 was referred to the

Department of Human Services for a Threat of Harm assessment for the minor children of

Plaintiff Diego and Plaintiff Lilia.  On February 23, 2010, Defendant Wuthrich was assigned to

the case.  Defendant Wuthrich called the Cornelius Police Department and was told by

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

11  COMPLAINT

Defendant Noffsinger to talk to Defendant Monico, as Defendant Monico was in charge of the

criminal investigation of Diego Mata-Lopez, Jr., whose alleged actions were the reason for the

search of Plaintiffs' residence.

32.

Defendant Monico told Defendant Wuthrich that he did not see any immediate safety

threat to the children, Plaintiff Vladimir and Plaintiff Johnny, and requested that Defendant

Wuthrich wait until the following week, or at least until February 26, 2010, to contact Plaintiffs

or take any action.  Defendant Wuthrich did not do so.

33.

Defendant Kitto was assigned as a supervisor on the case at DHS on February 25, 2010.

On that day, she ordered the Department of Human Services to take Plaintiff Vladimir and

Plaintiff Johnny into protective custody.  The "Fact Findings" in the DHS report state that "drug

use by the parents present a threat of harm."  No drug use by Plaintiff Diego or Plaintiff Lilia had

been established in any of the reports or information given to Defendant Wuthrich or Defendant

Kitto, and the police reports contained intentionally false information.

34.

On February 26, 2010, Defendant Monico returned with a few other officers to

Plaintiffs' residence and arrested Plaintiff Diego for possession of cocaine, based on the

substance found in his house during the February 4th search.  Plaintiff Diego was formally

charged with endangering the welfare of children, unlawful possession of cocaine, and delivery

of cocaine.  This arrest and the filing of the charges arose from the field test allegedly performed

by Defendant Monico, and reports by Defendant Monico to the court, reporting the powder as

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

12  COMPLAINT

1    cocaine.  This was false in that Defendant Monico either did not test the substance or lied about

2    the results.  Plaintiff Diego was forced to sign a No Contact Order upon his release from jail on

3    February 27, 2010, which prohibited him from going within 100 yards of Plaintiff Vladimir and

4    Plaintiff Johnny, and prohibited him from going to his house.

5                                                     35.

6

7    Defendant Wuthrich created a visitation plan wherein Plaintiff Lilia was only allowed to

8    see her children on Thursdays from 2:30 – 3:30 p.m.  There is nothing in any report concerning

9    Plaintiff Lilia's involvement in any criminal activity.  All visits were at the Washington County

10   DHS office and were supervised. Plaintiff Diego was not allowed to see his children at all.

11                                                   36.

12    Plaintiff Diego retained counsel to handle his case.  His attorney requested that the white

13   powder seized from Plaintiffs' residence on February 4th and allegedly field tested by defendants

14   be sent to a forensic lab for testing.  The powder was sent to the Department of State Police

15   Forensic Laboratory by the Cornelius Police Department on April 15, 2010.  On May 13, 2010,

16

17   the results of the test came back to Defendant Monico: the Department of State Police Forensic

18   Laboratory did not find any cocaine in the bag.  In fact, the powder in the bag did not test

19   positive for any controlled substance. The alleged field test done on the white powder by

20   Defendant Monico was fake and contrived.  The reports that Defendants had given to the court

21   regarding the powder were false.  Ex. 2, Test results from Department of State Police Forensic

22   Laboratory.

23   / / /

24   / / /

25

26                                                                    Michelle R Burrows
                                                                     Attorney at Law
                                                                 618 NW Glisan Suite 203
                                                                   Portland OR, 97209
                                                                     503/241-1955

13  COMPLAINT

37.

After receipt of the Forensic Lab's report, all charges were dropped.  The children were finally returned to their parents and their home on May 13, 2010.

**PLAINTIFF DIEGO MATA-GONZALEZ**
**FIRST CLAIM FOR RELIEF: Arrest without Probable Cause**
**42 U.S. C. § 1983 Violation of the 4th and 14th Amendments by Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Brian, Defendant Bruce, Defendant Venable, Defendant Noffsinger, Defendant John Does #1-10, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30**

38.

Plaintiff realleges paragraphs 1 through 37 as if more fully set forth herein.

39.

Plaintiff is entitled to be free from unlawful and unreasonable seizure and confinement of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

40.

The acts and omissions of Defendants in arresting Plaintiff Diego violated Plaintiff Diego's protected rights against seizure of his person without probable cause, were objectively unreasonable based on the totality of the circumstances, and amounted to a deliberate indifference to Plaintiff Diego's protected rights.  Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Diego to the integrity of his person and his right to be free from unlawful arrest.

41.

The specific acts of Defendants, individually and in concert with each other, alleged to be deliberately indifferent are more particularly set forth below:

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

14  COMPLAINT

1. On or about February 4, 2010, Defendant Monico and Defendant DeHaven entered Plaintiff Diego's residence after the search was over and without probable cause, read Plaintiff Diego his *Miranda* rights, and began to question Plaintiff Diego about drugs allegedly in his residence. Plaintiff Diego was not free to leave, was subject to interrogation, and the circumstances then present did not warrant the detention of Plaintiff Diego, as there was no probable cause of criminal activity.

2. On or about February 26, 2010, Defendants arrested Plaintiff Diego on charges based on known falsified evidence, and without probable cause, and

3. There was no need or lawful basis to arrest Plaintiff Diego under the circumstances then present on February 4, 2010, or February 26, 2010.

42.

All Defendants' conduct was well defined by law and each defendant knew or should have known that their conduct was not only well below the standard of law described herein, but was illegal per se.

43.

As a result of these Constitutional violations, Plaintiff Diego suffered physical, emotional and financial injury. The extent of Plaintiff Diego's damages will be more fully proven at trial.

**SECOND CLAIM FOR RELIEF: Malicious Prosecution**
**42 U.S.C. § 1983 Violation of the 4th and 14th Amendments by Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Venable, Defendant Noffsinger, Defendant John Does #1-10, Defendant Wuthrich, Defendant Kitto, Defendant John Does #11-20, Defendant Hermann, Defendant Bowman, and Defendant John Does #21-30**

44.

Plaintiff Diego realleges paragraphs 1 through 43 as if more fully set forth herein.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

45.

Plaintiff is entitled to be free from initiation of criminal proceedings from an improper

motive and without probable cause pursuant to the parameters of the 4th and 14th Amendments of

the United States Constitution.

46.

The prosecution against Plaintiff Diego lacked probable cause initially as it was based on

a lack of crimes committed, and the falsification of evidence with the specific intent to deprive

Plaintiff of a fair trial and to guarantee he would be convicted of a crime.  The acts and

omissions of Defendants in charging Plaintiff Diego with various criminal charges when no

evidence of probable cause existed to prosecute the action violated Plaintiff Diego's protected

rights and were objectively unreasonable based on the totality of the circumstances, and

amounted to deliberate indifference of Plaintiff Diego's protected rights.  Defendants violated

the requirements of the 4th and 14th Amendment rights held by Plaintiff to be free from malicious

prosecution.

47.

The criminal prosecution was dismissed against Plaintiff Diego based on the illegal and

unconstitutional actions of the defendants herein.  The white powder that allegedly field-tested

positive for cocaine was not cocaine or any other controlled substance, there was no crime, and

the children were not endangered by Plaintiff Diego.  Defendants lied about field testing the

white powder and falsified the results.  The results of the falsified test were sent together with the

police reports to the Washington County District Attorney, who prosecuted Plaintiff Diego based

on this false information from defendants.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

16  COMPLAINT

48.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein but was illegal per se.

49.

As a result of these Constitutional violations, Plaintiff Diego suffered physical, emotional, and financial injury.  The extent of Plaintiff Diego's damages will be more fully proven at trial.

**THIRD CLAIM FOR RELIEF: Illegal Search and Seizure**
**42 U.S.C. § 1983 Violation of the 4th and 14th Amendments by**
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant**
**Venable, Defendant Brian, Defendant Noffsinger, Defendant John Does #1-10, Defendant**
**Hermann, Defendant Bowman, and Defendant John Does #21-20**

50.

Plaintiff realleges paragraphs 1 through 49 as if more fully set forth herein.

51.

Plaintiff is entitled to be free from government searches of his property without probable cause and from interference with his possessory interest in that property pursuant to the parameters of the 4th and 14th Amendment of the United States Constitution.  Government employees may conduct searches with a valid search warrant and are limited to seizing items specified in the search warrant.

52.

The specific acts of Defendants, individually and in concert with each other, alleged to be deliberately indifferent to Plaintiff Diego's protect constitutional rights are more particularly set forth below:

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

17  COMPLAINT

1. Defendants seized objects outside the scope of those enumerated in the search warrant; and

2. Defendants planted and/or falsified evidence at Plaintiff Diego's home during the search on February 4, 2010.

53.

Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law, but illegal per se.

54.

As a result of these Constitutional violations, Plaintiff Diego suffered physical, emotional, and financial injury. The extent of Plaintiff's damages will be more fully proven at trial.

**FOURTH CLAIM FOR RELIEF: Substantive Due Process Violations**
**42 U.S.C. § 1983 Violation of the 14th Amendment by Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Venable, Defendant Noffsinger, Defendant John Does #1-10, Defendant Wuthrich, Defendant Kitto, Defendant John Does #11-20, Defendant Hermann, Defendant Bowman, and Defendant John Does #21-30**

55.

Plaintiff Diego realleges paragraphs 1 through 54 as if more fully set forth herein.

56.

Plaintiff Diego has a right to a fair and just criminal process. These rights are secured and guaranteed under the due process clause of the 4th and 14th Amendments to the United States Constitution. Defendants have a constitutional mandate to guarantee these rights to all criminally accused individuals, including Plaintiff Diego. Plaintiff Diego is entitled to be free

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

1  from government from interference with his possessory interest in his property pursuant to the

2  parameters of the 4th and 14th Amendment of the United States Constitution.  Plaintiff Diego also

3  has a fundamental right to live with his children and spouse, and to raise his children.  These

4  rights are also secured and guaranteed under the due process clause of the 4th and14th

5  Amendments to the United States Constitution.  These due process rights are manifest when a

6  liberty interest is at stake.

7                                           57.

8         The specific acts of Defendants, individually and in concert with each other, alleged to be

9  deliberately violate Plaintiff Diego's protected constitutional rights and intentionally deprived

10  him of his protected liberty interest are more particularly set forth below:

11         1.  Defendants seized objects from Plaintiff Diego's residence that were outside the scope

12  of their warrant;

13         2.  Defendants falsified evidence, among other acts lying about whether the white powder

14  found had been "field-tested" and was positive for cocaine;

15         3.  Defendants arrested Plaintiff Diego without probable cause;

16         4.  Defendants withheld Plaintiff Diego from contact with his wife and children, based on

17  known falsified evidence and without probable cause; and

18         5.  Defendants charged Plaintiff Diego with crimes he had not committed, knowing that

19  the drug evidence was falsified and knowing that there was no probable cause to believe that the

20  children were endangered by Plaintiff Diego's actions.

21                                           58.

22         Plaintiff Diego's secured due process rights were intentionally deprived by defendants

23  herein who engaged in illegal, malicious and wrongful conduct.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

59.

Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

60.

As a result of these Constitutional violations, Plaintiff Diego suffered physical, emotional, and financial injury. The extent of Plaintiff Diego's damages will be more fully proven at trial.

## SUPPLEMENTAL STATE CLAIMS

### FIFTH CLAIM FOR RELIEF: Malicious Prosecution State Tort
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Noffsinger, Defendant Venable, Defendant Hermann, Defendant Bowman, Defendant John Does #1-10, and Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

61.

Plaintiff realleges paragraphs 1 through 60 as if more fully set forth herein.

62.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiff may also sue the individual officer.

/ / /

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

20  COMPLAINT

63.

Plaintiff Diego was subject to malicious prosecution, as the prosecution of Plaintiff Diego by Defendants was not based in probable cause but on false testimony and evidence, was maintained through dismissal, and the dismissal was favorable to Plaintiff Diego.

64.

The prosecution against Plaintiff Diego was maintained by all defendants herein with the knowledge that defendants lacked probable cause to pursue the matter, and based on the intentional manipulation of evidence, and fabrication of evidence. These actions were intentional, illegal, and not immunized by law.

65.

Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

66.

As a result of the course of conduct by Defendants, Plaintiff has suffered physical, emotional and financial injury. The extent of Plaintiff's damages will be more fully proven at trial.

**SIXTH CLAIM FOR RELIEF:  Assault**
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Noffsinger, Defendant John Does #1-10, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

21  COMPLAINT

67.

Plaintiff Diego realleges paragraphs 1 through 66 as if more fully set forth herein.

68.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiff may also sue the individual officer.

69.

On or about February 4, 2010, and February 26, 2010, Plaintiff Diego was assaulted by the above-named defendants in the following manner:

1.     Defendants detained Plaintiff Diego in his bedroom for questioning without probable cause, causing fear of future hostile contact; and

2.  Defendants arrested Plaintiff Diego without probable cause, causing hostile contact with Plaintiff Diego's person and fear of future hostile contact.

70.

Defendants' actions demonstrated an attempt to violate Plaintiff Diego's person, and the ability to carry intention into effect.

71.

Each of the actions described above were performed by Defendants while they were on duty, in uniform, and carrying a badge and a weapon.

72.

Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

22  COMPLAINT

73.

As a result of the course of conduct by Defendants, Plaintiff Diego has suffered physical, emotional, and financial injury. The extent of Plaintiff Diego's injuries will be more fully proven at trial.

### SEVENTH CLAIM FOR RELIEF:  Battery
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Noffsinger, Defendant Venable, Defendant John Does #1-10, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

74.

Plaintiff Diego realleges paragraphs 1 through 73 as if more fully set forth herein.

75.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

76.

Plaintiff Diego alleges that on or about February 26, 2010, he was subject to battery by the above-named defendants in the following manner:

1.      Defendants arrested Plaintiff Diego without probable cause, handcuffed him and forced him into the police car.

77.

Defendants' conduct was an intentional, voluntary act, which caused unpermitted harmful and offensive contact with Plaintiff Diego.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

23  COMPLAINT

78.

Each of the actions described in paragraph 76 above were performed by Defendants while they were on duty, in uniform, and carrying a badge and a weapon.

79.

As a result of the course of conduct by Defendants, Plaintiff Diego has suffered emotional, physical, and financial damage.  The extent of Plaintiff Diego's damages will be more fully proven at trial.

**EIGHTH CLAIM FOR RELIEF: Intentional Infliction of Emotional Distress**
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Venable, Defendant Noffsinger, Defendant Wuthrich, Defendant Kitto, Defendant John Does #1-10, Defendant Hermann, Defendant Bowman, Defendant Cushing, Defendant John Does #11-20, and Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

80.

Plaintiff Diego realleges paragraphs 1 through 79 as if more fully set forth herein.

81.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer.  Plaintiffs may also sue the individual officer.

82.

Plaintiff Diego alleges from February 2010 through May 2010, he was subject to intentional infliction of emotional distress by the above-named defendants in the following manner:

1. Plaintiff Diego was openly accused by Defendants of serious crimes he did not commit; and

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

24  COMPLAINT

2.  Plaintiff Diego was kept from seeing his family from February 2010 through May 2010 by Defendants, based on crimes he did not commit, and which Defendants knew he did not commit.

83.

Defendants' conduct was outrageous in the extreme and Defendants acted intentionally and recklessly to inflict severe emotional distress.

84.

Each of the incidents described in paragraph 82 above were conducted by Defendants while they were on duty, in uniform, and carrying a badge and weapon.

85.

As a result of Defendants' actions, Plaintiff Diego suffered severe emotional distress. The extent of Plaintiff Diego's damages will be more fully proven at trial.

**LILIA LOPEZ-GUZMAN**

**NINTH CLAIM FOR RELIEF: Substantive Due Process Violation**
**42 U.S.C. § 1983 Violation of the 4th and 14th Amendment by Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Venable, Defendant Brian, Defendant Noffsinger, Defendant John Does #1-10, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30, Defendant Wuthrich, Defendant Kitto, and Defendant John Does #11-20**

86.

Plaintiff Lilia realleges paragraphs 1 through 85 as if more fully set forth herein.

87.

Plaintiff Lilia has a fundamental constitutional right to live with and care for her husband and children.  Plaintiff Lilia has a fundamental right to raise her children.  These rights are

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

secured and guaranteed under the due process clause of the 4th and 14th Amendments to the

United States Constitution. Plaintiff Lilia is also entitled to be free from government

interference with her possessory interest in her property pursuant to the parameters of the 4th and

14th Amendment. These due process rights are manifest when a liberty interest is at stake.

88.

The specific acts of Defendants, individually and in concert with each other, alleged to

deliberately violated Plaintiff Lilia's protected constitutional rights and intentionally deprive her

of her protected liberty interests are more particularly set forth below:

1. Defendants seized objects from Plaintiff Lilia's residence that were outside the scope

of their warrant;

2. Defendants took Plaintiff Vladimir and Plaintiff Johnny away from Plaintiff Lilia

without probable cause to believe that the children were in danger, and did not allow Plaintiff

Lilia to see them more than once a week;

3. Defendants would not let Plaintiff Lilia have contact with her husband, even though

Defendants knew that the evidence on which the crimes against him was based was falsified, and

that he presented no danger to his wife; and

4. Plaintiff Lilia was denied the right to care for and live with her family and to raise her

children.

89.

Plaintiff Lilia's secured due process rights were intentionally deprived by defendants

herein who engaged in illegal, malicious and wrongful conduct.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

26 COMPLAINT

90.

Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

91.

As a result of these constitutional violations, Plaintiff Lilia has suffered physical, emotional, and financial injury.  The extent of Plaintiff Lilia's damages will be more fully proven at trial.

## TENTH CLAIM FOR RELIEF:  Unlawful Search and Seizure
**42 U.S.C. § 1983 Violation of the 4th and 14th Amendments by Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Venable, Defendant Brian, Defendant Noffsinger, Defendant John Does #1-10, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30**

92.

Plaintiff Lilia realleges paragraphs 1 through 91 as if more fully set forth herein.

93.

Plaintiff is entitled to be free from government searches of her property without probable cause and from interference with her possessory interest in that property pursuant to the parameters of the 4th and 14th Amendments of the United States Constitution.  Government employees may conduct searches with a valid search warrant and are limited to seizing items specified in a search warrant.

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

27  COMPLAINT

94.

The specific acts of Defendants, individually and in concert with each other, alleged to be deliberately indifferent to Plaintiff Lilia's protected constitutional rights are more particularly set forth below:

1. Defendants seized objects outside the scope of those enumerated in the search warrant; and

2. Defendants planted evidence and/or falsified evidence at Plaintiff Lilia's home during the search on or about February 4, 2010.

95.

Defendants' conduct was well defined by law and each defendant knew or reasonable should have known that their conduct was not only well below the standard prescribed by law, but illegal per se.

96.

As a result of these Constitutional violations, Plaintiff Lilia suffered physical, emotional, and financial injury.  The extent of Plaintiff Lilia's damages will be more fully proven at trial.

## STATE TORTS
### ELEVENTH CLAIM FOR RELIEF: Intentional Infliction of Emotional Distress
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Brian, Defendant Bruce, Defendant Noffsinger, Defendant Venable, Defendant John Does #1-10, Defendant Wuthrich, Defendant Kitto, Defendant John Does #11-20, Defendant Hermann, Defendant Bowman, and Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

97.

Plaintiff Lilia realleges paragraphs 1 through 96 as if more fully set forth herein.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

98.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

99.

Plaintiff Lilia alleges that from February 2010 through May 2010, she was subject to intentional infliction of emotional distress by the above-named defendants in the following manner:

1. Plaintiff Lilia's husband was openly accused by Defendants of crimes he did not commit, which Plaintiff Lilia knew he did not commit and Defendants knew he did not commit;

2. Plaintiff Lilia could not see her husband, Plaintiff Diego, from the end of February 2010 through the middle of May 2010 because he was being accused of crimes he did not commit, which she knew he did not commit and which Defendants knew he did not commit; and

3. Plaintiff Lilia could not see her children, Plaintiff Vladimir or Plaintiff Johnny, from the end of February 2010 through the middle of May 2010 without a supervisor, and then only for one hour a week.  Her children were taken from her by the government without probable cause that she had committed any crimes or endangered the children in any way.

100.

Defendants' conduct was outrageous in the extreme and Defendants acted intentionally and recklessly to inflict severe emotional distress.

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

29  COMPLAINT

101.

Each of the incidents described in paragraph 99 above were conducted by Defendants

while they were on duty, in uniform, and carrying a badge and a weapon.

102.

As a result of Defendants' actions, Plaintiff Lilia suffered severe emotional distress.  The

extent of Plaintiff Lilia's damages will be more fully proven at trial.

**VLADIMIR MATA-LOPEZ**
**TWELFTH CLAIM FOR RELIEF: Arrest without Probable Cause**
**42 U.S.C. § 1983 Violation of the 4th and 14th Amendments by Defendant Monico,**
**Defendant DeHaven, Defendant Kitto, Defendant Wuthrich, Defendants John Does #1-10,**
**Defendants John Does #11-20, and Defendant John Does #21-30**

103.

Plaintiff realleges paragraph 1 through 102 as if more fully set forth herein.

104.

Plaintiff is entitled to be free from unlawful and unreasonable seizure and confinement of

his person pursuant to the parameters of the 4th and 14th Amendments to the United States

Constitution.

105.

The acts and omissions of Defendants in arresting Plaintiff Vladimir violated Plaintiff

Vladimir's protected rights against seizure of his person without probable cause, were

objectively unreasonable based on the totality of the circumstances, and amounted to a deliberate

indifference to Plaintiff Vladimir's protected rights.  Defendants violated the requirements of the

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

4th and 14th Amendment rights held by Plaintiff Vladimir to the integrity of his person and his right to be free from unlawful arrest.

106.

The specific acts of Defendants, individually and in concert with each other, alleged to be deliberately indifferent are more particularly set forth below:

1. Defendants seized Plaintiff Vladimir's person and took him from his home, based on falsified evidence and without probable cause;

2. Defendants removed Plaintiff Vladimir from his parents without cause, put him in foster care where he was subject to emotional abuse and damage.

107.

All Defendants' conduct was well defined by law and each defendant knew or should have known that their conduct was not only well below the standard of law described herein, but was illegal per se.

108.

As a result of these Constitutional violations, Plaintiff Vladimir suffered physical, emotional, and financial injury. The extent of Plaintiff Vladimir's damages will be more fully proven at trial.

**THIRTEENTH CLAIM FOR RELIEF: Substantive Due Process Violation**
**42 U.S.C. § 1983 Violation of the 4th and 14th Amendment by Defendant Monico, Defendant DeHaven, Defendant Wuthrich, Defendant Kitto, Defendant John Does #1-10, Defendant John Does #11-20, and Defendant John Does #21-30**

109.

Plaintiff Vladimir realleges paragraphs 1 through 108 as if more fully set forth herein.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

31  COMPLAINT

110.

Plaintiff Vladimir has a fundamental constitutional right to live with his parents, and be loved and cared for by them. These rights are secured and guaranteed under the due process clause of the 4th and 14th Amendments to the United States Constitution. These due process rights are manifest when a liberty interest is at stake.

111.

The specific acts of Defendants, individually and in concert with each other, alleged to deliberately violate Plaintiff Vladimir's protected constitutional rights and intentionally deprive him of his protected liberty interest are more particularly set forth below:

1. Defendants seized Plaintiff Vladimir and withheld from his mother and father for several months, based on falsified evidence and without probable cause; and

2. During these months, Defendants did not allow Plaintiff Vladimir to see his father at all and only allowed him to see his mother for one hour a week, and under supervision. These actions deprived Plaintiff Vladimir of his fundamental right to live with his mother and father, and to experience parental love. This intentional deprivation of a fundamental liberty interest was based on known falsified evidence and on policies implemented by Defendants without probable cause.

112.

Plaintiff Vladimir's secured due process rights were intentionally deprived by defendants herein who engaged in illegal, malicious and wrongful conduct.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

113.

Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

114.

As a result of these Constitutional violations, Plaintiff Vladimir suffered physical, emotional, and financial injury.  The extent of Plaintiff Vladimir damages will be more fully proven at trial.

## STATE CLAIMS

**FOURTEENTH CLAIM FOR RELIEF: Intentional Infliction of Emotional Distress**
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Noffsinger, Defendant Venable, Defendant John Does #1-10, Defendant Wuthrich, Defendant Kitto, Defendant John Does #11-20, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

115.

Plaintiff Vladimir realleges paragraphs 1 through 114 as if more fully set forth herein.

116.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiffs may also sue the individual officer.

/ / /

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

33  COMPLAINT

117.

Plaintiff Vladimir alleges from February 2010 through May 2010 he was subject to intentional infliction of emotional distress by the above-named defendants in the following manner:

1. Plaintiff Vladimir was taken by Department of Human Services and placed in foster care without any explanation;

2. Plaintiff Vladimir was only allowed to see Plaintiff Lilia, his mother, once a week, and then only for an hour under supervision, and did not know how long this arrangement was going to last;

3. Plaintiff Vladimir was not allowed to see Plaintiff Diego, his father, at all, and did not know how long this arrangement was going to last; and

4. This occurrence was based on known falsified evidence and allegations of crimes Defendants knew had not been committed.

118.

Defendants' conduct was outrageous in the extreme and Defendants acted intentionally and recklessly to inflict severe emotional distress.

119.

Each of the incidents described in paragraph 117 above were conducted by Defendants while they were on duty, in uniform, and carrying a badge and weapon.

120.

As a result of Defendants' actions, Plaintiff Vladimir suffered severe emotional distress. The extent of Plaintiff Vladimir's damages will be more fully proven at trial.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

### FIFTEENTH CLAIM FOR RELIEF: Assault

**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Noffsinger, Defendant Venable, Defendant John Does #1-10, Defendant Wuthrich, Defendant Kitto, Defendant John Does #11-20, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

121.

Plaintiff Vladimir realleges paragraphs 1 through 120 as if more fully set forth herein.

122.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiff may also sue the individual officer.

123.

Plaintiff Vladimir alleges that on or about February 25, 2010, he was subject to assault by the above-named defendants in the following manner:

1.  Plaintiff Vladimir was taken into custody of the government against his will causing hostile contact with Plaintiff Vladimir's person and fear of future hostile contact.

124.

Defendants' actions demonstrated an attempt to violate Plaintiff Vladimir's person, and the ability to carry intention into effect.

125.

Each of the actions described above were performed by Defendants while they were on duty, in uniform, and carrying a badge and a weapon.

/ / /

/ / /

/ / /

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

126.

Defendants' conduct was well defined by law and each Defendant knew or reasonably

should have known that their conduct was not only well below the standard prescribed by law

herein, but was illegal per se.

127.

As a result of the course of conduct by Defendants, Plaintiff Vladimir has suffered

physical and emotional injury.  The extent of Plaintiff Vladimir's injures will be more fully

proven at trial.

**SIXTEENTH CLAIM FOR RELIEF: Battery**
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant**
**Brian, Defendant Noffsinger, Defendant Venable, Defendant John Does #1-10, Defendant**
**Wuthrich, Defendant Kitto, Defendant John Does #11-20, Defendant Hermann, Defendant**
**Bowman, and Defendant Does #21-30, Defendant City of Cornelius, and Defendant**
**Washington County**

128.

Plaintiff Vladimir realleges paragraphs 1 through 127 as if more fully set forth herein.

129.

Oregon law mandates that all public employees be sued through their employer the public

entity.  Oregon law mandates that the real party in interest in such actions is the public employer.

Plaintiff may also sue the individual officer.

130.

Plaintiff Vladimir alleges that on or about February 25, 2010, he was subject to battery by

the above-named defendants in the following manner:

1. Defendants seized Plaintiff Vladimir without his consent; and

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

36  COMPLAINT

2.  Defendants forced Plaintiff Vladimir to go into foster care when Plaintiff Vladimir did not want to go, and when there was no reason to make him go.

131.

Defendants' conduct was an intentional, voluntary act, which caused unpermitted, harmful and offensive contact with Plaintiff Vladimir.

132.

Each of the actions described in paragraph 130 above were performed by Defendants while they were on duty, in uniform, and carrying a badge and weapon.

133.

As a result of the course of conduct by Defendants, Plaintiff Vladimir has suffered physical and emotional damage.  The extent of Plaintiff Vladimir's damages will be more fully proven at trial.

## JOHNNY MATA-LOPEZ
### SEVENTEENTH CLAIM FOR RELIEF: Arrest without Probable Cause
**42 U.S.C. § 1983 Violation of the 4th and 14th Amendment by Defendant Monico, Defendant DeHaven, Defendant Wuthrich, Defendant Kitto, Defendant John Does #1-10, Defendant John Does #11-20, Defendant John Does #21-30**

134.

Plaintiff Johnny realleges paragraphs 1 through 133 as if more fully set forth herein.

135.

Plaintiff Johnny is entitled to be free from unlawful and unreasonable seizure and confinement of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

37  COMPLAINT

136.

The acts and omissions of Defendants in arresting Plaintiff Johnny violated Plaintiff Johnny's protected rights against seizure of his person without probable cause, were objectively unreasonable based on the totality of the circumstances, and amounted to a deliberate indifference to Plaintiff Johnny's protected rights. Defendants violated the requirements of the 4th and 14th Amendment rights held by Plaintiff Johnny to the integrity of his person and his right to be free from unlawful arrest.

137.

The specific acts of Defendants, individually and in concert with each other, alleged to be deliberately indifferent are more particularly set forth below:

1. Defendants seized Plaintiff Johnny's person and took him from his home, based on falsified evidence and without probable cause; and

2. Defendant placed Plaintiff Johnny in foster care where he suffered emotional abuse and damage.

138.

All Defendants' conduct was well defined by law and each defendant knew or should have known that their conduct was not only well below the standard of law described herein, but was illegal per se.

139.

As a result of these Constitutional violations, Plaintiff Johnny has suffered physical, emotional, and financial injury. The extent of Plaintiff Johnny's damages will be more fully proven at trial.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

38  COMPLAINT

**EIGHTEENTH CLAIM FOR RELIEF: Substantive Due Process Violation**
**42 U.S.C. § 1983 Violation of the 4th and 14th Amendment by Defendant Monico, Defendant DeHaven, Defendant Wuthrich, Defendant Kitto, Defendant John Does #1-10, Defendant John Does #11-20, Defendant John Does #21-30**

140.

Plaintiff Johnny realleges paragraphs 1 through 139 as if more fully set forth herein.

141.

Plaintiff Johnny has a fundamental constitutional right to live with his parents, and be loved and cared for by them. These rights are secured and guaranteed under the due process clause of the 4th and 14th Amendments to the United States Constitution. These due process rights are manifest when a liberty interest is at stake.

142.

The specific acts of Defendants, individually and in concert with each other, alleged to deliberately violate Plaintiff Johnny's protected constitutional rights and intentionally deprive him of his protected liberty interest are more particularly set forth below:

1. Defendants allowed Plaintiff Johnny to be seized and withheld from his mother and father for several months, based on known falsified evidence and without probable cause; and

2. During these months, Defendants did not allow Plaintiff Johnny to see his father at all and only allowed him to see his mother for one hour a week, and under supervision. These actions deprived Plaintiff Johnny of his fundamental right to live with his mother and father, and to experience parental love. This intentional deprivation of a fundamental liberty interest was based on known falsified evidence and on policies implemented without probable cause.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

39  COMPLAINT

143.

Plaintiff Johnny's secured due process rights were intentionally deprived by defendants herein who engaged in illegal, malicious and wrongful conduct.

144.

Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was not only well below the standard prescribed by law herein, but was illegal per se.

145.

As a result of these Constitutional violations, Plaintiff Johnny has suffered physical, emotional, and financial injury.  The extent of Plaintiff Diego's damages will be more fully proven at trial.

## STATE CLAIMS

**NINETEENTH CLAIM FOR RELIEF: Intentional Infliction of Emotional Distress**
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Noffsinger, Defendant Venable, Defendant John Does #1-10, Defendant Wuthrich, Defendant Kitto, Defendant John Does #11-20, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

146.

Plaintiff Johnny realleges paragraphs 1 through 145 as if more fully set forth herein.

147.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiff may also sue the individual officer.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

148.

Plaintiff Johnny alleges from February 2010 to May 2010, he was subject to intentional infliction of emotional distress by the above-named defendants in the following manner:

1. Plaintiff Johnny was taken by Department of Human Services and placed in foster care without any explanation;

2. Plaintiff Johnny was only allowed to see Plaintiff Lilia, his mother, once a week, and then only for an hour under supervision, and did not know how long this arrangement was going to last;

3. Plaintiff Johnny was not allowed to see Plaintiff Diego, his father, at all, and did not know how long this arrangement was going to last; and

4. This occurrence was based on known falsified evidence and allegations of crimes Defendants knew had not been committed.

149.

Defendants' conduct was outrageous in the extreme and Defendants acted intentionally and recklessly to inflict severe emotional distress.

150.

Each of the incidents described in paragraph 148 above were conducted by Defendants while they were on duty, in uniform, and carrying a badge and weapon.

151.

As a result of Defendants' actions, Plaintiff suffered severe emotional distress. The extent of Plaintiff Johnny's damages will be more fully proven at trial.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

41  COMPLAINT

## TWENTIETH CLAIM FOR RELIEF: Assault
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Noffsinger, Defendant Venable, Defendant John Does #1-10, Defendant Wuthrich, Defendant Kitto, Defendant John Does #11-20, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

152.

Plaintiff Johnny reallages paragraphs 1 through 151 as if more fully set forth herein.

153.

Oregon law mandates that all public employees be sued through their employer the public entity. Oregon law mandates that the real party in interest in such actions is the public employer. Plaintiff may also sue the individual officer.

154.

Plaintiff Johnny alleges that on or about February 25, 2010, he was subject to assault by the above-named defendants in the following manner:

1. Plaintiff Johnny was taken into custody of the government against his will causing hostile contact with Plaintiff Johnny's person and fear of future hostile contact.

155.

Defendants' actions demonstrated an attempt to violate Plaintiff Johnny's person, and the ability to carry intention into effect.

156.

Each of the actions described in paragraph 154 above were performed by Defendants while they were on duty, in uniform, and carrying a badge and a weapon.

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

42  COMPLAINT

157.

Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was only well below the standard prescribed by law herein, but was illegal per se.

158.

As a result of the course of conduct by Defendants, Plaintiff Johnny suffered physical and emotional injury.  The extent of Plaintiff Johnny's injuries will be more fully proven at trial.

## TWENTY-FIRST CLAIM FOR RELIEF: Battery
**Defendant Monico, Defendant Jansen, Defendant DeHaven, Defendant Bruce, Defendant Brian, Defendant Noffsinger, Defendant Venable, Defendant John Does #1-10, Defendant Wuthrich, Defendant Kitto, Defendant John Does #11-20, Defendant Hermann, Defendant Bowman, Defendant John Does #21-30, Defendant City of Cornelius, and Defendant Washington County**

159.

Plaintiff Johnny realleges paragraphs 1 through 158 as if more fully set forth herein.

160.

Oregon law mandates that all public employees be sued through their employer the public entity.  Oregon law mandates that the real party in interest in such actions is the public employer.  Plaintiff may also sue the individual officer.

161.

Plaintiff Johnny alleges that on or about February 25, 2010, he was subject to battery by the above-named defendants in the following manner:

1. Defendants seized Plaintiff Johnny and took him from his home without his consent; and

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

43  COMPLAINT

2. Defendants forced Plaintiff Johnny to go into foster care when Plaintiff Johnny did not want to go, and when there was no reason to make him go.

162.

Defendants' conduct was an intentional, voluntary act, which caused unpermitted, harmful and offensive contact with Plaintiff Johnny.

163.

Each of the actions described in paragraph 161 above were performed by Defendants while they were on duty, in uniform, and carrying a badge and a weapon.

164.

As a result of the course of conduct by Defendants, Plaintiff Johnny has suffered emotional and physical damage. The extent of Plaintiff Johnny's damages will be more fully proven at trial.

WHEREFORE Plaintiffs request that this Court grant judgment as follows:

1. Judgment against Defendants for economic damages in an amount to be proven at trial;

2. Judgment against Defendants for non-economic damages in an amount to be proven at trial;

3. Judgment against Defendants for punitive damages in a fair and reasonable amount to be proven at trial;

4. Judgment against Defendants for deterrence damages in a fair and reasonable amount to be proven at trial; and

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

44  COMPLAINT

5.  Judgment for costs, interests, attorney fees and such other and further relief as the

Court deems just and equitable.

DATED this February 17, 2011

Respectfully submitted,

Sara K. Staggs, OSB No. 06482
618 NW Glisan Suite 203
Portland OR, 97209
503-241-1955

Michelle R Burrows
Attorney at Law
618 NW Glisan Suite 203
Portland OR, 97209
503/241-1955

45  COMPLAINT